IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRUCE ANTHONY TURNER, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 06-0065-CG-C |
| BOB RILEY, et al., | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

Petitioner filed a petition for the writ of habeas corpus under 28 U.S.C. § 2241 and paid the $5.00 filing fee. Petitioner's action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon review of the petition, it is recommended that this action be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides, in part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "The district courts may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

I. **<u>Nature of Proceedings</u>**.

On December 9, 2005, petitioner filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Alabama (Doc. 1). The petition was transferred to this Court (Doc. 5) because a § 2241 petition must be filed in the district where the petitioner is located (Doc. 4). Petitioner was and is still confined at Fountain Correctional Facility (hereinafter "Fountain") in the Southern District of Alabama.

Upon receipt of petitioner's action, the Court ordered petitioner to complete and file this Court's form for a habeas petition under § 2254 for the purpose of providing information that reflects the basis for his custody, and to provide information to support the Court's jurisdiction under § 2241. Petitioner did file the petition form but did not complete it (Docs. 8 & 10) despite having two opportunities to do so. Instead, petitioner merely attached his self-styled § 2241 petition that commenced this action to the petition form, and did not furnish the requested information.

In his § 2241 petition, petitioner requests the Court to declare that his transfer was illegal and to issue a preliminary injunction to restrain the Alabama Department of Corrections (hereinafter "ADOC") from usurping jurisdiction over his "petition." Petitioner complains that in 2003 he was transferred to Tallahatchie Correctional Facility (hereinafter "TCF") in Tutwiler, Mississippi, pursuant to the Interstate Corrections Compact (hereinafter "ICC"), Alabama Code §§ 14-13-1, *et seq.* (1985). ADOC allegedly entered into a contract with Corrections Corporation of America (hereinafter "CCA") to transfer petitioner along with 1400 other Alabama inmates to TCF.

Petitioner maintains that the ICC does not authorize ADOC to enter into a contract with a private entity.  Article I of the ICC, petitioner argues, provides that only states may enter into a contract with Alabama.  Thus, ADOC allegedly usurped legislative authority.  By the legislature's limitation on an inmate's transfer, petitioner contends a liberty interest was created.  Petitioner bases his argument on Alabama Code § 14-13-43; however, the undersigned was not able to locate this statute in the chapter of the current code containing the ICC, which has been in effect since 1985.  Nevertheless, petitioner relates this statute provides for the removal of inmates to a place of security within the "State" due to an "urgent necessity."

Petitioner concedes that an "urgent necessity" arose when ADOC needed to meet the deadline for bringing its overcrowded prisons into compliance with a federal court order to avoid additional fines.  Petitioner acknowledges that the Constitution does not require that a prisoner be incarcerated in a particular institution, but asserts that the "urgent necessity" exception requires that he be confined within Alabama's boundaries and § 14-13-2(h) creates a right to benefits under the ICC.  Petitioner describes ADOC's actions as being arbitrary, thereby depriving him of due process, and in contravention of Alabama Code § 14-13-43, § 14-13-2(h), and the equal protection clause.

Pursuant § 14-13-2, article IV(h), petitioner believes that he is entitled in the receiving state to all the rights and benefits that he had in the sending state.  However, the petitioner maintains that his transfer was to a facility that has caused him a "grievous loss" of the "same benefits, rights, status, and programs" that he had at the sending facility,

3

namely, the benefits of trade school, an honor community program, an adequate law library, toiletries, and visitation with family.  At TCF petitioner was confined in a cell with three inmates, with one inmate having to sleep on the floor, and in a pod 22 ½ hours a day, without any programs being provided or an officer being present.  Furthermore, upon Alabama's release of him to CCA, petitioner maintains that it lost jurisdiction over him so as to preclude CCA from detaining him.

## II.  Discussion.

Petitioner identified this action as arising under 28 U.S.C. § 2241 (Docs. 2, 8, & 10).  Even though petitioner was given the opportunity to provide information regarding the basis for his custody and for the Court's jurisdiction under § 2241, and was ordered to complete the Court's petition form for a § 2254 petition (Doc. 7), he did not comply with the Court's order, despite having been advised that more information was needed.

The initial question that must be resolved is whether petitioner's § 2241 habeas petition challenging his transfer from Alabama to TCF is subject to 28 U.S.C. § 2254.  According to *Medberry v. Crosby,* 351 F.3d 1049 (11th Cir.), *cert. denied,* 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004), petitioner's § 2241 habeas petition is subject to § 2254.  *Id.* at 1062.  Section 2254 applies to the petition because petitioner is a "' a person in custody *pursuant to the judgment of a State court'*[.]" *Id.* at 1059 (quoting 28 U.S.C. § 2254(a)) (emphasis in original); *see Dill v. Holt,* 371 F.3d 1301, 1303 (11th Cir. 2004).

Section 2241(c)(3) is a general grant of habeas relief to one "in custody in violation of the Constitution or laws or treaties or the United States[.]"  *Medberry,* 351 F.3d at 1060.

4

Section 2254 is a limitation on this general grant of habeas relief. *Id.* In 1948 Congress enacted § 2254 to codify the judge-made restrictions for issuing the writ of habeas corpus under § 2241. *Id.* Section 2254 merely imposes additional restrictions on a state prisoner "in custody pursuant to the judgment of a state court." *Id.* Section 2254 is not a new, independent habeas remedy. *Id.* "Section 2254(a) merely specifies the class of state prisoners to which the additional restrictions of § 2254 apply." *Id.* "To read §§ 2241 and 2254 other than [this] would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241." *Id.* The only exception to a state inmate not being allowed to proceed directly under § 2241 is a state inmate in pre-trial detention. *Id.*

In the present action, petitioner appears to be in an inmate in custody "pursuant to the judgment of a State court" even though he has not identified his underlying conviction in his pleadings. However, the Court discovered that petitioner has a criminal conviction that has been upheld in Alabama's appellate courts. *Bruce Anthony Turner v. State,* 836 So.2d 1006 (Ala. Crim. App. June 22, 2001), *reh'g denied,* 837 So.2d 887 (Ala. Crim. App. July 20, 2001), *cert. denied*, *Ex parte Turner,* 839 So.2d 690 (Ala. Oct. 5, 2001). Furthermore, the ADOC website indicates that petitioner is presently serving a sentence of life with the possibility of parole ("LP"). And at the time of this action's filing, petitioner was incarcerated at Fountain, an ADOC facility where persons convicted of felonies serve sentences of imprisonment (Doc. 3). Thus, the Court has reason to believe that he has been convicted of a felony for which he is serving a custody sentence.

Because petitioner is a state inmate in custody pursuant to the judgment of a state court, § 2254 and its restrictions apply to him. *Dill,* 371 F.3d at 1303 (§ 2254 applied to § 2241 petition challenging parole revocation); *Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir.) (§ 2254 applied to § 2241 petition challenging parole proceedings), *cert. denied,* 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793 (2005*); Medberry,* 351 F.3d at 1062 (§ 2254 applied to § 2241petition challenging disciplinary proceeding); *White v. Lambert,* 370 F.3d 1002 (9th Cir.) (§ 2241 petition challenging out-of-state transfer treated as § 2254 petition), *cert. denied, White v. Morgan,* 543 U.S. 991, 125 S.Ct. 503, 160 L.Ed.2d 379 (2004); *Cook v. New York State Div. of Parole,* 321 F.3d 274 (2d Cir. 2003) (§ 2241 petition challenging parole revocation would be converted to § 2254 petition); *Crouch v. Norris,* 251 F.3d 720 (8th Cir. 2001) (§ 2254 applied to § 2241 petition challenging denial of parole); *Coady v. Vaugh,* 251 F.3d 480 (3d Cir. 2001) (§ 2241 petition challenging denial of parole treated as § 2254 petition); *accord Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'") (quoting 28 U.S.C. § 2254(a)).

Thus, the present petition is governed by both § 2241 and § 2254. *Medberry,* 351 F.3d at 1064. Both of these sections require petitioner be "in custody" when the petition is filed. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The purpose of the writ of habeas corpus is to procure the release of a person from unlawful custody. *Preiser v. Rodriguez,*

411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973). "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id.*

Here, petitioner's claim is based on his transfer to TCF and its conditions, and he requests the Court to declare that his transfer was illegal and to issue a preliminary injunction that would restrain ADOC from usurping jurisdiction over his "petition." When petitioner filed his habeas petition, he was not incarcerated at TCF but at Fountain. Thus, at the time of filing he was no longer held in the custody about which he complained and, therefore, cannot be released from it. *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). Accordingly, his petition is moot. *Medberry,* 351 F.3d at 1063-64 (finding the habeas petition challenging the disciplinary proceeding that resulted in petitioner's confinement to segregation was moot because petitioner had been released from segregation at the time he filed his habeas petition); *see also Jamerson v. Secretary for Dept. of Corrections,* 410 F.3d 682, 688 (11th Cir 2005) (holding a prisoner must be "in custody" when the petition is filed in order for the petition not to be moot). And any eighth amendment claim based on the conditions of confinement associated with TCF is not reviewable in a habeas proceeding. *Gomez v. United States,* 899 F.2d 1124, 1126 (11th Cir. 1990) (holding that a

claim based on conditions of confinement is not reviewable in a habeas proceeding because, *inter alia*, release is not an appropriate remedy for a conditions of confinement claim). Thus, the § 2241 petition is due to be dismissed as moot.

Even though the petition is due to be dismissed on mootness grounds, there are other deficiencies with the petition. A couple of the chief deficiencies are discussed below.

Petitioner also alleges that Alabama lost jurisdiction over him when he was transferred to CCA and thus CCA could not legally detain him. Petitioner's reliance on the case of *White v. Pearlman*, 42 F.2d 788 (10th Cir. 1930), is misplaced. The *White* court affirmed the granting of the writ when it credited an inmate, who had erroneously been released from prison, for time spent outside of prison when he returned to prison, because the release was not his fault and, at the time of his release, he had pointed out the error. The relevance of the holding in *White* is not apparent to the Court.

Rather, in a case with facts similar to the allegations at hand, *Evans v. Holm,* 114 F. Supp.2d 706 (W.D. Tenn. 2000), a waiver of jurisdiction was found not to occur when an inmate was transferred from the convicting state to a private correctional institution in another state pursuant to a contract between the convicting state and the institution. *Id.* at 713.[2] The *Evans* court opined that "[a] prisoner has a legally protected interest in the

---

[2] In *Pischke,* 178 F.3d at 500, where Wisconsin inmates filed habeas petitions challenging contracts with private prisons in other states, Judge Posner observed that "[t]hese 'petitions for habeas corpus' really then are challenges under 42 U.S.C. § 1983 to the conditions in which inmates are being held or will be held in the private prison to

conduct of his keeper but not in his keeper's identity." *Id.* at 711(quoting *Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir.), *cert. denied, Leslie v. Litscher,* 528 U.S. 954, 120 S.Ct. 379, 145 L.Ed.2d 296 (1999)). The habeas petition was dismissed pursuant to Rule 4 because the court found that there was no constitutional violation. *Id.* at 714. The court ruled that the petitioner had no liberty interest under the Constitution in his institutional assignment, *Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct.1741, 75 L.Ed.2d 813 (1983), and had failed to allege the necessary atypical and significant hardship to establish a state-created liberty interest, *Sandin v. Conner,* 515 U.S. 472, 484-87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *Id.* at 709-14.

Another problem with the petition is the failure to demonstrate exhaustion of state-court remedies. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"). This requirement ordinarily would need to be satisfied in order for the Court to address the merits of petitioner's § 2254 claims. However, the failure to exhaust state remedies in the Eleventh Circuit is an affirmative defense and, therefore, cannot be the singular reason for dismissal pursuant to Rule 4, but it does contribute to the weakness of the petition. *Esslinger v. Davis,* 44 F.3d 1515, 1524 (11th Cir. 1995).

**III. Conclusion.**

---

which they have been or will be transferred."

9

Based upon the foregoing reasons, the undersigned finds that the habeas petition is moot. Accordingly, it is recommended that petitioner's § 2241 habeas petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE and ORDERED** this 19th day of April, 2006.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                             s/WILLIAM E. CASSADY
                                             UNITED STATES MAGISTRATE JUDGE